IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:20-CR-358 |
| | § | JUDGE MAZZANT |
| NEERAJ JINDAL (1) | § | |
| JOHN RODGERS (2) | § | |
| | § | |

**UNITED STATES' PROPOSED JURY INSTRUCTIONS**

The United States respectfully submits its proposed jury instructions pursuant to the Court's Pretrial Order (Dkt. #52).

**TABLE OF CONTENTS**


UNITED STATES' PROPOSED JURY INSTRUCTION NO. 1: PRELIMINARY INSTRUCTIONS ..... 1

UNITED STATES' PROPOSED JURY INSTRUCTION NO. 2: CORPORATE LENIENCY AGREEMENT ..... 8

UNITED STATES' PROPOSED JURY INSTRUCTION NO. 3: CAUTION—CONSIDER ONLY CRIME CHARGED ..... 10

UNITED STATES' PROPOSED JURY INSTRUCTION NO. 4: SECTION 1 OF THE SHERMAN ACT ..... 11

UNITED STATES' PROPOSED JURY INSTRUCTION NO. 5: ELEMENTS OF A SECTION 1 OFFENSE ..... 12

UNITED STATES' PROPOSED JURY INSTRUCTION NO. 6: CONSPIRACY FOR COUNT ONE ..... 13

UNITED STATES' PROPOSED JURY INSTRUCTION NO. 7: CONSPIRACY TO FIX PRICES ..... 16

UNITED STATES' PROPOSED JURY INSTRUCTION NO. 8: PROOF OF OVERT ACT UNNECESSARY FOR COUNT ONE ..... 18

UNITED STATES' PROPOSED JURY INSTRUCTION NO. 9: KNOWINGLY JOINED ..... 19

UNITED STATES' PROPOSED JURY INSTRUCTION NO. 10: GOOD FAITH/IGNORANCE OF THE LAW ..... 21

UNITED STATES' PROPOSED JURY INSTRUCTION NO. 11: INDIVIDUAL LIABILITY 22

UNITED STATES' PROPOSED JURY INSTRUCTION NO. 12: TRADE AND COMMERCE AMONG THE STATES ..... 23

UNITED STATES' PROPOSED JURY INSTRUCTION NO. 13: ELEMENTS OF COUNT TWO ..... 25

UNITED STATES' PROPOSED JURY INSTRUCTION NO. 14: CONSPIRACY FOR COUNT TWO ..... 28

UNITED STATES' PROPOSED JURY INSTRUCTION NO. 15: OVERT ACT FOR COUNT TWO ..... 30

UNITED STATES' PROPOSED JURY INSTRUCTION NO. 16: OBSTRUCTION OF PROCEEDINGS BEFORE THE FEDERAL TRADE COMMISSION ..... 31

UNITED STATES' PROPOSED JURY INSTRUCTION NO. 17: ELEMENTS OF COUNTS THREE AND FOUR ..... 33

UNITED STATES' PROPOSED VERDICT FORM ..... 34

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. 1: PRELIMINARY INSTRUCTIONS**

Members of the Jury:

Now that you have been sworn, I will give you some preliminary instructions to guide you in your participation in the trial.

***Duty of the jury:***

It will be your duty to find from the evidence what the facts are. You and you alone will be the judges of the facts. You will then have to apply to those facts the law as the court will give it to you. You must follow that law whether you agree with it or not. Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. In particular, do not let racial, ethnic, national origin, or other bias influence your decision in any way.

Nothing the court may say or do during the course of the trial is intended to indicate, or should be taken by you as indicating, what your verdict should be.

***Evidence:***

The evidence from which you will find the facts will consist of the testimony of witnesses, documents and other items received into the record as exhibits, and any facts that the lawyers agree to or stipulate to or that the court may instruct you to find.

Certain things are not evidence and must not be considered by you. I will list them for you now:

1. Statements, arguments, and questions by lawyers are not evidence.
2. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If

the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3. Testimony that the court has excluded or told you to disregard is not evidence and must not be considered.
4. Anything you may have seen, heard, or read outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. I will give you further instructions on these as well as other matters at the end of the case, but keep in mind that you may consider both kinds of evidence.

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject. I will give you some guidelines for determining the credibility of witnesses at the end of the case.

***Rules for criminal cases:***

As you know, this is a criminal case. There are three basic rules about a criminal case that you must keep in mind.

First: the defendants are presumed innocent until proven guilty. The indictment brought by the government against the defendants is only an accusation, nothing more. It is not proof of guilt or anything else. The defendants therefore start out with a clean slate.

Second: the burden of proof is on the government until the very end of the case. The defendants have no burden to prove their innocence, or to present any evidence, or to testify. Since the defendants have the right to remain silent, the law prohibits you from arriving at your verdict by considering that the defendants may not have testified.

Third: the government must prove the defendants' guilt beyond a reasonable doubt. I will give you further instructions on this point later but bear in mind that in this respect a criminal case is different from a civil case.

***Summary of applicable law:***

In this case the defendants are charged with conspiracy to fix therapist pay rates; conspiracy to obstruct, make a false statement in, or use a false document in proceedings before the Federal Trade Commission; and obstruction of proceedings before the Federal Trade Commission. I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will now give you a brief summary of the elements of the offenses that the government must prove beyond a reasonable doubt to make its case.

In order to establish the offense of conspiracy to fix therapist pay rates charged in the indictment, the government must prove each of these elements beyond a reasonable doubt:

*First*: A conspiracy existed between two or more competitors to lower pay rates to physical therapists and physical therapist assistants from in or around March 2017 to in or around August 2017;

*Second*: The defendant knowingly joined the conspiracy; and

*Third*: The conspiracy involved interstate trade or commerce.

In order to establish the offense of conspiracy to obstruct, make a false statement in, or

use a false document in proceedings before the Federal Trade Commission, the government must prove each of these elements beyond a reasonable doubt:

*First*: That the defendant agreed with one or more other individuals to (a) corruptly influence, obstruct, impede, or endeavor to influence, obstruct, or impede the due and proper administration of the law under which a pending proceeding, specifically a Federal Trade Commission investigation, was being had before a department or agency of the United States, specifically the Federal Trade Commission; or (b) knowingly and willfully make a materially false, fictitious, or fraudulent statement or representation in a matter within the jurisdiction of the executive branch of the Government of the United States, specifically a Federal Trade Commission investigation; or (c) knowingly and willfully make or use a false writing or document knowing the same to contain a materially false, fictitious, or fraudulent statement or entry in a matter within the jurisdiction of the executive branch of the Government of the United States, specifically a Federal Trade Commission investigation.

*Second*: That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose.

*Third*: That at least one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the indictment, in order to accomplish some object or purpose of the conspiracy.

In order to establish the offense of obstruction of proceedings before the Federal Trade Commission, the government must prove each of these elements beyond a reasonable doubt:

*First*: That there was a proceeding pending before any department or agency of the United States;

*Second*: That the defendant knew of the pending proceeding;

*Third*: That the defendant endeavored to influence, obstruct, or impede the due administration of the law in that proceeding; and

*Fourth*: That the defendant's acts were done "corruptly," that is, the defendant acted with an improper purpose, personally or by influencing another, including making a false or misleading statement, or withholding, concealing, altering, or destroying a document or other information.

***Conduct of the jury:***

Now, a few words about your conduct as jurors.

During the course of the trial, do not speak with any witness, or with the defendants, or with any of the lawyers in the case. Please do not talk with them about any subject at all. You may be unaware of the identity of everyone connected with the case. Therefore, in order to avoid even the appearance of impropriety, do not engage in any conversation with anyone in or about the courtroom or courthouse. It is best that you remain in the jury room during breaks in the trial and do not linger in the hall. In addition, during the course of the trial, do not talk about the trial with anyone else—not your family, not your friends, not the people with whom you work. Also, do not discuss this case among yourselves until I have instructed you on the law and you have gone to the jury room to make your decision at the end of the trial. Otherwise, without realizing it, you may start forming opinions before the trial is over. It is important that you wait until all the evidence is received and you have heard my instructions on rules of law before you deliberate among yourselves.

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during the trial you must not conduct any independent research about this case, the matters in this case, and the individuals or companies

involved in the case. In other words, you should not consult dictionaries or reference materials, search the Internet, websites, or blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

I know that many of you use cell phones, the Internet, and other tools of technology. You also must not talk to anyone at any time about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case through any means, including your cell phone, through e-mail, Blackberry, iPhone, text messaging, or on Snapchat or Twitter, or through any blog or website, including Facebook, Google+, WhatsApp, Instagram, LinkedIn, or YouTube. You may not use any similar technology of social media, even if I have not specifically mentioned it here. I expect you will inform me as soon as you become aware of another juror's violation of these instructions. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

***Course of the trial:***

I will now give you a roadmap to help you follow what will happen over the entire course of this trial. First, the government will make an opening statement, which is simply an outline to help you understand the evidence as it is admitted. Next, the defendants' attorneys may, but do not have to, make an opening statement. Opening statements are neither evidence nor arguments.

The government will then present its witnesses, and counsel for the defendants may cross-examine them. Following the government's case, the defendants may, if they wish, present witnesses whom the government may cross-examine. If the defendants decide to present evidence, the government may introduce rebuttal evidence.

After all the evidence is in, the attorneys will present their closing arguments to summarize and interpret the evidence for you, and the court will instruct you on the law. After that, you will retire to deliberate on your verdict.

The trial will now begin.

Pattern Jury Instructions (Criminal Cases), United States Court of Appeals for the Fifth Circuit, No. 1.01 (2019).

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. 2: CORPORATE LENIENCY AGREEMENT**

You have heard testimony from Sheri Yarbray, whose company, Your Therapy Source, LLC, entered into a corporate leniency agreement with the Department of Justice Antitrust Division. Under the corporate leniency program, the first company and its employees to come to the Department of Justice and report that they were engaged in illegal anticompetitive activity receive a promise by the government that it will not prosecute them for the anticompetitive activity being reported so long as the company (1) took prompt and effective action to terminate its participation in the anticompetitive activity being reported upon discovery of the activity, (2) did not coerce any other party to participate in the anticompetitive activity being reported and was not the leader in, or the originator of, the activity, and (3) agrees to provide truthful, full, continuing, and complete cooperation to the Antitrust Division of the Department of Justice in connection with the anticompetitive activity being reported.

It is permissible for the government to grant corporate leniency, and the government's reasons for doing so are not relevant to you. You, the jury, must decide whether the witness's testimony has been affected by the grant of corporate leniency. You should keep in mind that such testimony is always to be received with caution and weighed with great care.

You should never convict any defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt. However, a conviction may be based solely upon the uncorroborated testimony of such a witness if the testimony is not incredible or otherwise insubstantial on its face, so long as you believe that testimony beyond a reasonable doubt.

Pattern Jury Instructions (Criminal Cases), United States Court of Appeals for the Fifth Circuit, No. 1.15 (2019); Jury Instructions, *United States v. Swanson*, No. 3:06-cr-00692-PJH, Doc. 337 at 10 (N.D. Cal. Mar. 10, 2008); *United States v. Acosta*, 763 F.2d 671, 689 (5th Cir. 1985); *see*

Model Criminal Jury Instructions, United States Court of Appeals for the Third Circuit, No. 4.19 (2021); Pattern Criminal Jury Instructions, United States Court of Appeals for the Sixth Circuit, No. 7.07 (2021).

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. 3: CAUTION—CONSIDER ONLY CRIME CHARGED**

You are here to decide whether the government has proved beyond a reasonable doubt that the defendants are guilty of the crime charged. The defendants are not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case.[1]

The indictment refers to various individuals and companies, including alleged co-conspirators, who are not on trial in this case. You should not be concerned with or speculate about why any individuals or companies are not on trial in this case.

Pattern Jury Instructions (Criminal Cases), United States Court of Appeals for the Fifth Circuit, No. 1.21 (2019); Pattern Criminal Jury Instructions, United States Court of Appeals for the Sixth Circuit, No. 3.06 (2019); *United States v. Faulkner*, 17 F.3d 745, 768 n.35 (5th Cir. 1994) (conspiracy convictions can be upheld based on agreement with "named or unnamed coconspirators").

[1] Text that appears at this point in the Fifth Circuit's Pattern Jury Instructions has been deleted. *See* Pattern Jury Instructions (Criminal Cases), United States Court of Appeals for the Fifth Circuit, No. 1.21 (2019) ("Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, *except as you are otherwise instructed*." (emphasis added)).

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. 4: SECTION 1 OF THE SHERMAN ACT**

Count One of the indictment charges a violation of Section 1 of the Sherman Act. Specifically, the indictment alleges that, from in or around March 2017 to in or around August 2017, the defendants and co-conspirators knowingly entered into and engaged in a conspiracy to suppress competition by agreeing to fix prices by lowering the pay rates to physical therapists and physical therapist assistants.

Section 1 of the Sherman Act outlaws every "conspiracy, in restraint of trade or commerce among the several States," which includes a conspiracy to fix prices by lowering pay rates. The purpose of the Sherman Act is to preserve free and unfettered competition in the marketplace by preventing unreasonable restraint of any business or industry, including employment, to preserve the free market opportunities of workers.

15 U.S.C. § 1; Memorandum Opinion and Order Denying Motion to Dismiss, ECF No. 56 at 8–18 (holding that indictment alleged price fixing, subject to the per se rule under Section 1 of the Sherman Act, by alleging that defendants agreed to fix therapist pay rates); *N. Pac. Ry. Co. v. United States*, 356 U.S. 1, 4 (1958); *Roman v. Cessna Aircraft Co.*, 55 F.3d 542, 544 (10th Cir. 1995) ("Just as antitrust law seeks to preserve the free market opportunities of buyers and sellers of goods, so also it seeks to do the same for buyers and sellers of employment services." (quoting II Phillip Areeda & Herbert Hovenkamp, *Antitrust Law* ¶ 377c (rev. ed. 1995))); *cf. Mandeville Island Farms v. Am. Crystal Sugar Co.*, 334 U.S. 219, 236 (1948) ("The [Sherman] Act is comprehensive in its terms and coverage, protecting all who are made victims of the forbidden practices by whomever they may be perpetrated.").

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. 5: ELEMENTS OF A SECTION 1 OFFENSE**

In order to establish the offense of conspiracy to fix prices charged in the indictment, the government must prove each of these elements beyond a reasonable doubt:

1. A conspiracy existed between two or more competitors to lower pay rates to physical therapists and/or physical therapist assistants from in or around March 2017 to in or around August 2017;
2. The defendant knowingly joined the conspiracy; and
3. The conspiracy involved interstate trade or commerce.

If you find from your consideration of all the evidence that the government has proven each of these elements beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any of these elements beyond a reasonable doubt, then you should find the defendant not guilty.

Memorandum Opinion and Order Denying Motion to Dismiss, ECF No. 56 at 8–18 (holding that indictment alleged price fixing, subject to the per se rule under Section 1 of the Sherman Act, by alleging that defendants agreed to fix therapist pay rates); *McLain v. Real Estate Bd. of New Orleans, Inc*., 444 U.S. 232, 246 (1980); *United States v. Rose*, 449 F.3d 627, 630 (5th Cir. 2006); *United States v. Johnson*, 68 F.3d 899, 904 (5th Cir. 1995); *United States v. All Star Indus.*, 962 F.2d 465, 474–75 (5th Cir. 1992); *United States v. Cargo Serv. Stations, Inc*., 657 F.2d 676, 681, 683–84 (5th Cir. 1981); *see United States v. Alston*, 974 F.2d 1206, 1209–10 (9th Cir. 1992).

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. 6: CONSPIRACY FOR COUNT ONE**

The type of relationship covered by the Sherman Act is a conspiracy. A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member of the conspiracy becomes the agent of every other member.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. For purposes of the Sherman Act, if a defendant knowingly[2] joins in a plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part. The government is not required to prove that the defendant knew his actions were illegal or that he specifically intended to restrain trade or violate the law.

The government does not need to prove that the alleged conspirators entered into any formal agreement, or that they directly stated between themselves all the details of the scheme. Likewise, the government does not need to prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out. Nor must it prove that all of the persons

---

[2] Text that appears at this point in the Fifth Circuit's Pattern Jury Instructions has been deleted. *See* Pattern Jury Instructions (Criminal Cases), United States Court of Appeals for the Fifth Circuit, No. 2.15A (2019) ("If a defendant *understands the unlawful nature* of a plan or scheme and knowingly *and intentionally* joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part." (emphasis added)). The Fifth Circuit has explained that "[t]he intent element of a per se offense is established by evidence that the defendant agreed to engage in conduct that is per se illegal; the government is not required to prove that the defendant knew his actions were illegal or that he specifically intended to restrain trade or violate the law." *United States v. All Star Indus.*, 962 F.2d 465, 474 n.18 (5th Cir. 1992); *see also United States v. Young Bros.*, 728 F.2d 682, 687 (5th Cir. 1984) ("In order to prove that appellant actually intended to enter into the bidrigging conspiracy, the government was required to show that appellant knowingly joined or participated in the conspiracy.").

alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Direct proof of a conspiracy may not be available. A conspiracy may, however, be disclosed by the circumstances or by the acts of the members. Therefore, you may infer the existence of a conspiracy from what you find the parties actually did, as well as from the words they used. In determining whether a conspiracy has been proved, you must view the evidence as a whole, and not piecemeal. You should consider the actions and statements of all the alleged conspirators. The conspiracy may be inferred from all the circumstances and the actions and statements of the alleged participants. Acts that are, by themselves, totally innocent acts may be among the acts that make up a conspiracy to fix prices by lowering pay rates in violation of the Sherman Act.

The mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy.[3] Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator. Similarly, knowledge of a conspiracy, without participation in it, is also insufficient to make a person a member of the conspiracy. But a person who knowingly joins an existing conspiracy or participates in part of the conspiracy with knowledge of the overall conspiracy is just as responsible as if he had been one of the originators of the conspiracy or had participated in every part of it. Likewise, a person who knowingly directs another to implement

[3] Text that appears before this sentence in the Fifth Circuit's Pattern Jury Instructions has been deleted. *See* Pattern Jury Instructions (Criminal Cases), United States Court of Appeals for the Fifth Circuit, No. 2.15A (2019) ("*Mere presence at the scene of an event, even with knowledge that a crime is being committed, or* the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy." (emphasis added)).

the details of the conspiracy is just as responsible as if he participated in every part of it, including its origin.

Pattern Jury Instructions (Criminal Cases), United States Court of Appeals for the Fifth Circuit, No. 2.15A (2019) (modified to exclude instructions on elements of violation of 18 U.S.C. § 371); *Am. Tobacco Co. v. United States*, 328 U.S. 781, 809–10 (1946); *United States v. All Star Indus.*, 962 F.2d 465, 474 n.18 (5th Cir. 1992); *United States v. MMR Corp.*, 907 F.2d 489, 495 (5th Cir. 1990).

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. 7: CONSPIRACY TO FIX PRICES**

The first element of Count One is a conspiracy to fix prices. A price-fixing conspiracy is an agreement or mutual understanding among competitors to fix, control, raise, lower, maintain, or stabilize the prices charged, or to be charged, for products or services. An agreement or mutual understanding among competitors to fix, control, raise, lower, maintain, or stabilize pay rates is a type of price fixing. If you find the government has proven such an agreement or mutual understanding beyond a reasonable doubt, then the government has satisfied its burden for this element.

A price-fixing conspiracy is commonly thought of as an agreement to establish the same price or pay rate; however, prices or pay rates may be fixed in other ways. Pay rates are fixed if the range or level of pay is agreed upon by the conspirators. They are fixed because they are agreed upon. Thus, any agreement to raise or lower a pay rate, to set a maximum pay rate, to eliminate pay raises, to set pay using a list of rates, to stabilize pay rates, to set a pay rate or range of pay rates, or to maintain a pay rate is illegal.

If you should find that the defendant entered into a conspiracy to fix prices by lowering pay rates, the fact that the defendant or his co-conspirators did not take any steps to effectuate the conspiracy, that one or more of them did not abide by the conspiracy, that one or more of them may not have lived up to some aspect of the conspiracy, or that they may not have been successful in achieving their objectives, is no defense. The agreement or mutual understanding itself is the crime, even if it is never carried out.

If the conspiracy charged in the indictment is proved, it is no defense that the conspirators actually competed with each other in some manner or that they did not conspire to eliminate all competition. Nor is it a defense that the conspirators did not attempt to conspire with all of their

competitors. Similarly, the conspiracy is unlawful even if it did not extend to all physical therapists or physical therapist assistants who contracted with or were employed by the conspirators.

You need not be concerned with whether the conspiracy was reasonable or unreasonable, the justifications for the conspiracy, or the harm, if any, done by it. It is not a defense and not relevant that the parties may have acted with good motives, had a business justification, or have thought that what they were doing was legal, or that the conspiracy may have had some good results. If there was, in fact, a conspiracy to lower the pay rates to physical therapists or physical therapist assistants as charged, it was illegal.

Nevertheless, you may consider all the facts and circumstances in determining whether the defendant's conduct reflects their independent acts or business judgments while freely competing in the open market, or whether it instead reflects a conspiracy among the defendant and his co-conspirators.

Memorandum Opinion and Order Denying Motion to Dismiss, ECF No. 56 at 8–18 (holding that indictment alleged price fixing, subject to the per se rule under Section 1 of the Sherman Act, by alleging that defendants agreed to fix therapist pay rates); *N. Pac. Ry. Co. v. United States*, 356 U.S. 1, 5 (1958); *United States v. McKesson & Robbins, Inc.*, 351 U.S. 305, 309–10 (1956); *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 218–19, 223–24 (1940); *Ethyl Gasoline Corp. v. United States*, 309 U.S. 436, 458 (1940); *United States v. Trenton Potteries Co.*, 273 U.S. 392, 397–98 (1927); *United States v. Kissel*, 218 U.S. 601, 607 (1910); *United States v. Simmons*, 374 F.3d 313, 319–20 (5th Cir. 2004); *United States v. All Star Indus.*, 962 F.2d 465, 469 & n.8, 475 & n.21 (5th Cir. 1992); *United States v. Realty Multi-List, Inc.*, 629 F.2d 1351, 1362–63 (5th Cir. 1980); *United States v. Cargo Serv. Stations, Inc.*, 657 F.2d 676, 682 n.4 (5th Cir. 1981); *United States v. Cadillac Overall Supply Co.*, 568 F.2d 1078, 1087–90 (5th Cir. 1978); *see Arizona v. Maricopa Cnty. Med. Soc'y*, 457 U.S. 332, 351 (1982); *Catalano, Inc. v. Target Sales, Inc.*, 446 U.S. 643, 647–50 (1980).

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. 8: PROOF OF OVERT ACT UNNECESSARY FOR COUNT ONE**

The government need not prove an overt act in furtherance of the conspiracy to fix prices by lowering pay rates. The crime of conspiracy to fix prices by lowering pay rates is complete upon the agreement or mutual understanding to fix prices by lowering pay rates. In other words, the law condemns the agreement or mutual understanding itself. Thus, the government does not have to prove the conspiracy succeeded or achieved its objective, or that the conspirators took steps to effectuate it.

*Whitfield v. United States*, 543 U.S. 209, 213–14 (2005); *United States v. Shabani*, 513 U.S. 10, 14 (1994); *Summit Health, Ltd. v. Pinhas*, 500 U.S. 322, 330 (1991); *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 224 n.59 (1940); *United States v. Trenton Potteries Co.*, 273 U.S. 392, 402 (1927); *Nash v. United States*, 229 U.S. 373, 378 (1913); *United States v. Rose*, 449 F.3d 627, 630 (5th Cir. 2006).

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. 9: KNOWINGLY JOINED**

As previously noted, the second element the government must prove beyond a reasonable doubt for you to find the defendant guilty on Count One is that the defendant knowingly joined the price-fixing conspiracy charged in the indictment. The word "knowingly"[4] means that the act was done voluntarily and intentionally, not because of mistake or accident. Therefore, before you may convict the defendant, the evidence must establish that the defendant voluntarily became a member of the conspiracy to fix pay rates with the intent to aid or further some purpose of the conspiracy.

As I have already instructed you, a price-fixing conspiracy, which includes a conspiracy to fix pay rates, is in itself an unreasonable restraint of trade and illegal, and the government does not have to prove that the defendant specifically intended to retrain trade or produce anticompetitive effects. The intent to restrain trade is satisfied with the finding of intent to fix prices by lowering pay rates. You must disregard any questions on the reasonableness of the defendant's actions, their economic impact, or possible good motives.

Your determination whether the defendant knowingly joined the conspiracy must be based solely on the actions of the defendant, as established by the evidence. You should not consider what others may have said or done to join the conspiracy. The defendant's membership in this conspiracy must be established by evidence of his own conduct—by what he said or did.

If you find that the defendant joined the conspiracy, then the defendant remains a member of the conspiracy, and is responsible for all reasonably foreseeable actions taken in

[4] Text that appears at this point in the Fifth Circuit's Pattern Jury Instructions has been deleted. *See* Pattern Jury Instructions (Criminal Cases), United States Court of Appeals for the Fifth Circuit, No. 1.41 (2019) ("The word 'knowingly,' *as that term has been used from time to time in these instructions,* means that the act was done voluntarily and intentionally, not because of mistake or accident." (emphasis added)).

furtherance of the conspiracy, until the conspiracy has been completed or abandoned, or until the defendant has withdrawn from the conspiracy.

Pattern Jury Instructions (Criminal Cases), United States Court of Appeals for the Fifth Circuit, No. 1.41 (2019); Memorandum Opinion and Order Denying Motion to Dismiss, ECF No. 56 at 24–25 (holding, based on Fifth Circuit precedent, that "a finding of intent to fix prices [equates to] an intent to unreasonably restrain trade" (internal quotation marks and citation omitted)); *NCAA v. Bd. of Regents of Univ. of Okla.*, 468 U.S. 85, 101 n.23 (1984); *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 221–22 (1940); *United States v. Rose*, 449 F.3d 627, 630 (5th Cir. 2006); *United States v. All Star Indus.*, 962 F.2d 465, 474 n.18, 475 n.21 (5th Cir. 1992); *United States v. Young Bros.*, 728 F.2d 682, 687 (5th Cir. 1984); *United States v. Cargo Serv. Stations, Inc.*, 657 F.2d 676, 681–84 (5th Cir. 1981); *United States v. Cadillac Overall Supply Co.*, 568 F. 2d 1078, 1089–90 (5th Cir. 1978).

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. 10: GOOD FAITH/IGNORANCE OF THE LAW**

It is not necessary for the government to prove that the defendant knew that the conspiracy to fix prices by lowering pay rates, as charged in the indictment, was a violation of the law. Thus, if you find beyond a reasonable doubt that the defendant knowingly joined the conspiracy as charged in the indictment, then the fact that the defendant believed in good faith that what was being done was lawful is not a defense.

Memorandum Opinion and Order Denying Motion to Dismiss, ECF No. 56 at 24–25 (holding, based on Fifth Circuit precedent, that "a finding of intent to fix prices [equates to] an intent to unreasonably restrain trade" (internal quotation marks and citation omitted)); *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 224 n.59 (1940); *United States v. All Star Indus*., 962 F.2d 465, 474–75 (5th Cir. 1992); *United States v. Cadillac Overall Supply Co.*, 568 F. 2d 1078, 1089–90 (5th Cir. 1978); *see* Transcript of Proceedings at 2145:8–15, *United States v. Aiyer*, No. 18-cr-00333, Doc. 180 at 40 (S.D.N.Y. Nov. 20, 2019).

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. 11: INDIVIDUAL LIABILITY**

A person who acts on behalf of a company is personally responsible for what he knowingly does or knowingly causes someone else to do. This is so even if he acted on the instructions of a superior.

A person who is a manager or supervisor of a company is also responsible for the acts of his subordinates if he authorizes, encourages, directs, orders, or consents to the participation in the conspiracy of someone he manages or supervises.

However, a person who is a manager of a company is not criminally responsible for illegal acts committed by another agent on behalf of that company merely because of his status as a manger or supervisor of the company.

*United States v. Wise*, 370 U.S. 405, 416 (1962); *United States v. Brown*, 936 F.2d 1042, 1047 n.4 (9th Cir. 1991); *see* Final Jury Instructions, *United States v. Lischewski*, No. 3:18-cr-00203-EMC, Doc. 626 at 30 (Jury Instruction No. 26) (N.D. Cal. Dec. 2, 2019); *see also* Model Criminal Jury Instructions, United States Court of Appeals for the Third Circuit, No. 7.07 (2018); The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit, No. 5.02 (2020); Eighth Circuit Model Jury Instructions, No. 5.04 (2020).

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. 12: TRADE AND COMMERCE AMONG THE STATES**

The third element of a Sherman Act offense is that the alleged conspiracy must involve interstate trade or commerce. This element may be satisfied if the conspiracy charged in the indictment either occurred in the flow of interstate trade or commerce or substantially affected interstate trade or commerce.

The term "trade or commerce" embraces a wide array of economic activity and includes travel, trade, transportation, and communication, such as the purchase and sale of products or services and the transportation of persons, property, or funds. I will refer to "trade or commerce" simply as "commerce." Interstate commerce means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia. The term "interstate commerce" includes transactions in which products, services, people, property, or funds cross state lines.

The conspiracy charged in the indictment occurred in the flow of interstate commerce if the commercial activity restrained or sought to be restrained—here, contracting with or employing physical therapists and physical therapist assistants and paying for their services—brought products, services, people, property, or funds across state lines or was an inseparable part of some larger commercial activity that did so. A temporary pause in the products, services, people, property or funds in transit does not necessarily mean that they are no longer in commerce. Where there is a practical continuity of their movement, they remain in commerce until they reach their final destination. If the conspiracy charged in the indictment occurred in the flow of interstate commerce, the interstate-commerce element is satisfied and the amount of commercial activity involved is of no significance.

If the conspiracy charged in the indictment did not occur in the flow of interstate commerce, it still may satisfy the interstate-commerce element if the conspiracy had (or had the potential to have) a substantial effect on some other appreciable activity occurring in interstate commerce. A conspiracy may have such an effect even though some or all of the conspirators do not themselves engage in interstate commerce and have confined their activities to a single state. Even where the conspirators' activities may have been completely local in nature, you may find that the conspiracy involved interstate commerce if the restraint imposed affected (or had the potential to affect) a not-insubstantial amount of commerce among the states. If the conspiracy failed to impose a restraint, you may find that the conspiracy involved interstate commerce if the conspiracy, had it been successful, would have affected a not-insubstantial amount of commerce among the states.

Although the government must prove beyond a reasonable doubt that the conspiracy charged in the indictment occurred within the flow of, or substantially affected, interstate commerce, the government's proof need not quantify or value any impact of the charged conspiracy or show that the charged conspiracy had any anticompetitive effect.

Proof of interstate commerce as to any defendant or co-conspirator in the conspiracy charged in the indictment satisfies the interstate-commerce element as to every defendant.

Pattern Jury Instructions (Criminal Cases), United States Court of Appeals for the Fifth Circuit, Nos. 1.44, 1.46 (2019); *Summit Health, Ltd. v. Pinhas*, 500 U.S. 322, 330–33 (1991); *McLain v. Real Estate Bd. of New Orleans*, 444 U.S. 232, 241–46 (1980); *Goldfarb v. Va. State Bar*, 421 U.S. 773, 787–88 (1975); *Gulf Coast Hotel-Motel Ass'n v. Miss. Gulf Coast Golf Course Ass'n*, 658 F.3d 500, 504–08 (5th Cir. 2011); *United States v. Young Bros., Inc.*, 728 F.2d 682, 688–89 (5th Cir. 1984); *United States v. Cargo Service Stations, Inc.*, 657 F.2d 676, 679–80 (5th Cir. 1981).

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. 13: ELEMENTS OF COUNT TWO**

In Count Two, the defendants are charged with violating Title 18, United States Code, Section 371, which makes it a crime for two or more persons to conspire to commit an offense against the laws of the United States.

The defendants are charged with conspiring (a) to corruptly influence, obstruct, impede, or endeavor to influence, obstruct, or impede the due and proper administration of the law under which a pending proceeding, specifically a Federal Trade Commission investigation, was being had before a department or agency of the United States, specifically the Federal Trade Commission; or (b) to knowingly and willfully make a materially false, fictitious, or fraudulent statement or representation in a matter within the jurisdiction of the executive branch of the Government of the United States, specifically a Federal Trade Commission investigation; or (c) to knowingly and willfully make or use a false writing or document knowing the same to contain a materially false, fictitious, or fraudulent statement or entry in a matter within the jurisdiction of the executive branch of the Government of the United States, specifically a Federal Trade Commission investigation.

As I told you earlier, a "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member of the conspiracy becomes the agent of every other member.

The conspiracy charged in Count Two of this indictment is a separate and distinct offense from the conspiracy charged in Count One. The elements of the conspiracy charged in Count Two are different from those of the conspiracy to violate the Sherman Act charged in Count One, as I will now explain.

For you to find a defendant guilty of the crime charged in Count Two, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant and at least one other person agreed to (a) corruptly influence, obstruct, impede, or endeavor to influence, obstruct, or impede the due and proper administration of the law under which a pending proceeding, specifically the 2017 Federal Trade Commission investigation, was being had before a department or agency of the United States, specifically the Federal Trade Commission; or (b) knowingly and willfully make a materially false, fictitious, or fraudulent statement or representation in a matter within the jurisdiction of the executive branch of the Government of the United States, specifically the 2017 Federal Trade Commission investigation; or (c) knowingly and willfully make or use a false writing or document knowing the same to contain a materially false, fictitious, or fraudulent statement or entry in a matter within the jurisdiction of the executive branch of the Government of the United States, specifically the 2017 Federal Trade Commission investigation, as charged in the indictment.

*Second*: That the defendant knew the purpose of the agreement and joined in it willfully, that is, with the intent to further the purpose.[5] The government is not required to prove that a defendant knew the purpose of the agreement was in violation of a statute.

*Third*: That at least one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in Count Two of the indictment, in order to accomplish some object or purpose of the conspiracy.

Pattern Jury Instructions (Criminal Cases), United States Court of Appeals for the Fifth Circuit, No. 2.15A (2019); *United States v. Brooks*, 681 F.3d 678, 700 (5th Cir. 2012) (approving note to jury stating that "[t]he government is not required to prove that a defendant knew the purpose of

[5] Text that appears at this point in the Fifth Circuit's Pattern Jury Instructions has been deleted. *See* Pattern Jury Instructions (Criminal Cases), United States Court of Appeals for the Fifth Circuit, No. 2.15A (2019) ("That the defendant knew the *unlawful* purpose of the agreement and joined in it willfully, that is, with the intent to further the *unlawful* purpose" (emphasis added)).

the agreement was in fact unlawful, that is, in violation of statute, but the government must prove the defendant knew the purpose of the agreement").

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. 14: CONSPIRACY FOR COUNT TWO**

As I told you earlier, one may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. For purposes of Count Two, if a defendant understands the nature of a plan or scheme that is unlawful, and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant did not know the plan or scheme was unlawful, had not participated before, and even though the defendant played only a minor part.[6]

The government does not need to prove that the alleged conspirators entered into any formal agreement, or that they directly stated between themselves all the details of the scheme. Likewise, the government does not need to prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Direct proof of a conspiracy may not be available. A conspiracy may, however, be disclosed by the circumstances or by the acts of the members. Therefore, you may infer the existence of a conspiracy from what you find the parties actually did, as well as from the words they used. In determining whether a conspiracy has been proved, you must view the evidence as a whole, and not piecemeal. You should consider the actions and statements of all the alleged conspirators. The conspiracy may be inferred from all the circumstances and the actions and

---

[6] Text that appears at this point in the Fifth Circuit's Pattern Jury Instructions has been deleted. *See* Pattern Jury Instructions (Criminal Cases), United States Court of Appeals for the Fifth Circuit, No. 2.15A (2019) ("If a defendant understands the *unlawful* nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part." (emphasis added)).

statements of the alleged participants. Acts that are, by themselves, totally innocent acts may be among the acts that make up the conspiracy charged in Count Two.

The mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy.[7] Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator. Similarly, knowledge of a conspiracy, without participation in it, is also insufficient to make a person a member of the conspiracy. But a person who knowingly and intentionally joins an existing conspiracy or participates in part of the conspiracy with knowledge of the overall conspiracy is just as responsible as if he had been one of the originators of the conspiracy or had participated in every part of it. Likewise, a person who knowingly and intentionally directs another to implement the details of the conspiracy is just as responsible as if he participated in every part of it, including its origin.

Pattern Jury Instructions (Criminal Cases), United States Court of Appeals for the Fifth Circuit, No. 2.15A (2019); *United States v. Brooks*, 681 F.3d 678, 700 (5th Cir. 2012); *United States v. Burton*, 126 F.3d 666, 670 (5th Cir. 1997); *United States v. Michel*, 588 F.2d 986, 1002 (5th Cir. 1979); *United States v. Evans*, 572 F.2d 455, 483 (5th Cir. 1978).

[7] Text that appears before this sentence in the Fifth Circuit's Pattern Jury Instructions has been deleted. *See* Pattern Jury Instructions (Criminal Cases), United States Court of Appeals for the Fifth Circuit, No. 2.15A (2019) ("*Mere presence at the scene of an event, even with knowledge that a crime is being committed, or* the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy." (emphasis added)).

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. 15:**
**OVERT ACT FOR COUNT TWO**

Recall that the government need not show an overt act to prove the conspiracy charged in Count One. The Count One conspiracy to fix prices by lowering pay rates is complete upon the agreement or mutual understanding to fix prices by lowering pay rates, regardless of whether anyone committed an overt act in furtherance of it.

The Count Two conspiracy is different. For you to find the defendants guilty of the crime charged in Count Two, you must be convinced that the government, among other things, has proved beyond a reasonable doubt that at least one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in Count Two of the indictment. An overt act is an act performed to effect the object of a conspiracy. The overt act required by Count Two need not be of a criminal nature so long as it is done in furtherance of the conspiracy.

Pattern Jury Instructions (Criminal Cases), United States Court of Appeals for the Fifth Circuit, No. 2.15A (2019); *Whitfield v. United States*, 543 U.S. 209, 213–14 (2005); *United States v. Shabani*, 513 U.S. 10, 14 (1994); *Summit Health, Ltd. v. Pinhas*, 500 U.S. 322, 330 (1991); *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 224 n.59 (1940); *United States v. Trenton Potteries Co.*, 273 U.S. 392, 402 (1927); *Nash v. United States*, 229 U.S. 373, 378 (1913); *United States v. Romans*, 823 F.3d 299, 310 (5th Cir. 2016); *United States v. Rose*, 449 F.3d 627, 630 (5th Cir. 2006).

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. 16: OBSTRUCTION OF PROCEEDINGS BEFORE THE FEDERAL TRADE COMMISSION**

In Counts Three and Four, the defendants are each charged with violating 18 U.S.C. § 1505, which makes it a crime for anyone to corruptly endeavor to influence, obstruct, or impede the due and proper administration of the law under which any pending proceeding is being had before any department or agency of the United States.

Keep in mind that, while Counts Three and Four charge violations of 18 U.S.C. § 1505, these counts are distinct from Count Two, which charges a *conspiracy* to violate 18 U.S.C. § 1505 and not that a violation of 18 U.S.C. § 1505 was committed. As I instructed you earlier, the essence of the crime of conspiracy is the agreement rather than the commission of the underlying substantive crime. Conspiring to commit a crime is an offense separate and distinct from the crime which may be the object of the conspiracy. Your verdicts on Counts Three and Four may, but need not, be identical to your verdicts on Count Two.

In addition, each defendant is charged in Counts Three and Four with violating 18 U.S.C. § 1505 by two means: First, each defendant is charged with making false and misleading statements to the Federal Trade Commission, withholding and concealing information from the Federal Trade Commission, and making phone calls and sending text messages as part of his corrupt endeavor to influence, obstruct, and impede the Federal Trade Commission investigation. Second, each defendant is charged with aiding and abetting the other in corruptly endeavoring to influence, obstruct, and impede the Federal Trade Commission investigation. If you find that a defendant violated 18 U.S.C. § 1505 by *either* of these two means, you may convict that defendant under Count Three or Count Four. You do not need to find that a defendant violated

18 U.S.C. § 1505 by both of these two means in order to return a guilty verdict on Count Three or Count Four against that defendant.

18 U.S.C. § 1505; 18 U.S.C. § 2 ("Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."); *United States v. Williams*, 449 F.3d 635, (5th Cir. 2006) (committing an offense as either a principal or an aider and abetter is "sufficient for conviction" under 18 U.S.C. § 2).

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. 17:**
**ELEMENTS OF COUNTS THREE AND FOUR**

For you to find a defendant guilty of the crime charged in Counts Three and Four under the first means described for committing the crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt as to that defendant:

*First*: That there was a proceeding pending before any department or agency of the United States;

*Second*: That the defendant knew of the pending[8] proceeding;

*Third*: That the defendant endeavored to influence, obstruct, or impede the due and proper administration of the law in that proceeding; and

*Fourth*: That the defendant's acts were done "corruptly," that is, the defendant acted with an improper purpose, personally or by influencing another, including making a false or misleading statement, or withholding, concealing, altering, or destroying a document or other information.

It is not necessary to show that the defendant was successful in achieving the forbidden objective, only that the defendant corruptly tried to achieve it in a manner which the defendant knew was likely to influence, obstruct, or impede the due and proper administration of the law due to the natural and probable effect of the defendant's actions.

Pattern Jury Instructions (Criminal Cases), United States Court of Appeals for the Fifth Circuit, No. 2.63A (2019) (modified to account for differences between 18 U.S.C. § 1503(a) and 18 U.S.C. § 1505); 18 U.S.C. §§ 1505, 1515(b).

[8] Text that appears at this point in the Fifth Circuit's Pattern Jury Instructions has been deleted. *See* Pattern Jury Instructions (Criminal Cases), United States Court of Appeals for the Fifth Circuit, No. 2.63A (2019) ("That the defendant knew of the pending *judicial* proceeding . . . ." (emphasis added)).

**UNITED STATES' PROPOSED VERDICT FORM**

Count One (Antitrust conspiracy to lower pay rates to physical therapists or physical therapist assistants)

We, the jury, unanimously find:

1. Neeraj Jindal: _____ Guilty _____ Not Guilty

2. John Rodgers: _____ Guilty _____ Not Guilty

Count Two (Conspiracy to obstruct, make a false statement in, or use a false document in proceedings before the Federal Trade Commission)

We, the jury, unanimously find:

3. Neeraj Jindal: _____ Guilty _____ Not Guilty

4. John Rodgers: _____ Guilty _____ Not Guilty

Count Three (Obstruction of proceedings before the Federal Trade Commission)

We, the jury, unanimously find:

5. Neeraj Jindal: _____ Guilty _____ Not Guilty

Count Four (Obstruction of proceedings before the Federal Trade Commission)

We, the jury, unanimously find:

6. John Rodgers: _____ Guilty _____ Not Guilty

Dated: March 28, 2022

Respectfully submitted,

*/s/ Matthew W. Lunder*

MATTHEW W. LUNDER
Bar No. MT 8671
Email: matthew.lunder@usdoj.gov

JARIEL A. RENDELL
Bar No. DC 1027023
Email: jariel.rendell@usdoj.gov

RACHEL KROLL
Bar No. NY 5751748
Email: rachel.kroll@usdoj.gov

Trial Attorneys
U.S. Department of Justice
Antitrust Division
450 Fifth Street, N.W., Suite 11300
Washington, DC 20530
(202) 476-0275

COUNSEL FOR THE UNITED STATES

**CERTIFICATE OF SERVICE**

I hereby certify that on March 28, 2022, I electronically served a true and correct copy of this document on Defendants' counsel of record by means of the Court's CM-ECF system.

*/s/ Matthew W. Lunder*
Matthew W. Lunder