IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| vs. | § |
| | §   NO. 4:20-CR-358 ALM/KPJ |
| NEERAJ JINDAL (1) | § |
| JOHN RODGERS (2) | § |

**DEFENDANTS' MOTION *IN LIMINE* TO
EXCLUDE TESTIMONY FROM SHAUNA HULL**

Defendants Neeraj Jindal ("Jindal") and John Rodgers ("Rodgers") (together, "Defendants") move that Shauna Hull ("Hull") be excluded from testifying at trial. Her anticipated testimony is irrelevant to the crimes charged by the government in the First Superseding Indictment and likely to confuse the issues presented in this case and mislead the jury. In support of this motion, Defendants shows the Court as follows:

**Background**

This case centers on an alleged wage fixing conspiracy. The government accuses Defendants of unlawfully conspiring with competitors to suppress pay rates paid to physical therapists and physical therapist assistants in the home healthcare market. At the time of the alleged wage fixing conspiracy, Jindal owned a home healthcare company, Integrity Home Therapy, and employed Rodgers as a physical therapist and clinical director. The First Superseding Indictment also charges Defendants with obstructing a related, prior investigation by the Federal Trade Commission ("FTC").

The government provided its trial witness list to Defendants on March 29, 2022. The list includes sixteen potential witnesses, including Shauna Hull ("Hull"), of whom Defendants were previously unaware. Shortly after providing its witness list to Defendants, the government

produced one memorandum of interview ("302") for Hull.  The 302 focuses on Hull's employment as Lead Claims Analyst for Qlarant, a company who contracts with the Center for Medicare and Medicaid Services to investigate fraud, waste, and abuse in Medicare programs.  Additionally, Hull's 302 includes a brief description of Medicare programs and payments.

It is unclear from the government's witness list and Hull's 302 what relevance or probative value that Hull's testimony could possibly have to the crimes charged in this case.  Moreover, because this case does not involve any alleged Medicare fraud, waste, or abuse, the government's presentation of testimony from a Medicare fraud investigator is likely to mislead the jury, confuse the issues, and unduly prejudice Defendants, while wasting time and causing delay under Federal Rule of Evidence 403.

## Argument

**1.  Hull should be excluded from testifying at trial because her anticipated testimony is irrelevant.**

While the threshold for relevance is low, the government must still establish that the testimony would tend to prove, or disprove, a fact of consequence.  *See* FED. R. EVID. 401; *United States v. Jones*, 664 F.3d 966, 975 (5th Cir. 2011) ("[N]ot all evidence is relevant evidence.").

As explained above, the First Superseding Indictment charges Defendants with an alleged wage fixing conspiracy and obstruction of related FTC proceedings.  *See generally* First Superseding Indictment (Dkt. 21).  Although the First Superseding Indictment includes a general description of Medicare and asserts "[t]he cost of home health care, including physical therapy, is often paid by federal Medicare Program ("Medicare") funds or by private insurers," it does not include any allegations that would make Medicare relevant to the crimes charged.  For example, there is no allegation and no evidence that Medicare was billed for services not rendered or

overbilled for services that were rendered. Indeed, Integrity does not even submit claims or receive funds from Medicare or any other federal healthcare program.

To prevail on a price fixing conspiracy charge, the government must establish that a conspiracy existed to fix prices, that the defendant knowingly joined the conspiracy, and that the conspiracy either affected interstate commerce or occurred within the flow of interstate commerce.[1] *See* 15 U.S.C. § 1; *Moates v. Facebook Inc.*, No. 4:20-CV-896-ALM-KPJ, 2021 WL 229484, at *5 (E.D. Tex. Jan. 22, 2021). Hull's anticipated testimony does not move the needle on any of these elements, nor does the testimony relate in any way to statements that Defendants made in the FTC proceeding, which now form the basis of the government's obstruction charges against them. Based on its irrelevance alone, Hull's testimony should be excluded from trial.

> **2.  Hull should be excluded from testifying at trial because her testimony's probative value (if any) would be substantially outweighed by the confusion and unfair prejudice it would cause the Defendants.**

Even assuming that Hull's anticipated testimony had some marginal relevance or probative value, such value would be substantially outweighed by the danger of misleading the jury, confusing the issues, wasting time, and causing delay in this case. *See* FED. R. EVID. 403; *United States v. Lim*, 897 F.3d 673, 684–85 (5th Cir. 2018) ("Because the BIA's grant of Lim's motion to reopen had no legal effect on his immigration status on the date of the offense, the evidence he sought to introduce was irrelevant and potentially confusing to a jury."). Defendants and Integrity did not receive funds from or submit claims to Medicare during the relevant time period, nor has the government accused them of fraud, abuse, or any other wrongdoing related to Medicare or any other federal healthcare program.

---

[1] As explained below, the government has other witnesses available who can testify that Medicare makes payments to home health agencies within the flow of interstate commerce, should such testimony be necessary.

To the extent that Hull plans to testify that home health agencies ("HHAs") with which Integrity contracted submitted claims to Medicare, such testimony (if deemed relevant to the alleged antitrust conspiracy) can be obtained from another government witness – *e.g.*, Linda Thomas, the owner of the HHA involved in this case.  Thus, such testimony by Hull would be needlessly cumulative.  Moreover, it is unduly prejudicial for the government to call a Medicare fraud investigator to testify in case that does not involve any sort of fraud.  If it were necessary to call a Medicare witness (which it is not), the government could call a Medicare Administrative Contractor without causing such undue prejudice to Defendants.

Because the government cannot articulate any legitimate basis for admitting Hull's testimony, and because that testimony would mislead the jury, confuse the issues, cause delay, waste time, needlessly accumulate evidence, and unduly prejudice Defendants the Court should exclude the testimony as it is authorized to do under Federal Rule of Evidence 403.

Dated:  March 31, 2022.

        Respectfully submitted,

        **LOCKE LORD LLP**

By:  */s/ Paul E. Coggins*
     Paul E. Coggins (attorney-in-charge)
      pcoggins@lockelord.com
      Texas Bar No. 04504700
     Jennifer M. McCoy
      Jennifer.mccoy@lockelord.com
      State Bar No. 24089805
     2200 Ross Avenue, Suite 2800
     Dallas, TX  75201
     Telephone (214) 740-8000
     Facsimile (214) 740-8800

     **COUNSEL FOR DEFENDANT NEERAJ JINDAL**

     and

By: /s/   Brian D. Poe<br>
**BRIAN D. POE**<br>
Texas Bar No. 24056908<br>
909 Throckmorton Street<br>
Fort Worth, Texas<br>
Telephone: 817-870-2022<br>
Email: bpoe@bpoelaw.com

**COUNSEL FOR JOHN RODGERS**

**CERTIFICATE OF CONFERENCE**

I hereby certify pursuant to E.D. Tex. Crim. L.R. 47(a)(3) that I conferred by telephone with Matthew Lunder, counsel for the United States, and confirmed that the United States opposes the relief sought in this Motion.

*/s/ Jennifer M. McCoy*
Counsel for Defendant

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all counsel of record via the Court's electronic filing service on this 31st day of March, 2022.

*/s/ Paul E. Coggins*
Counsel for Defendant

5